IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **12-cv-265-JLK-AP**

**RAGS OVER THE ARKANSAS RIVER, INC.,**

    Plaintiff,

v.

**BUREAU OF LAND MANAGEMENT;**
**KEITH E. BERGER, in his official capacity as Field Manager for the Royal Gorge Field Office of the Bureau of Land Management;**
**GREG SCHOOP, in his official capacity as District Manager for the Front Range District of the Bureau of Land Management;**
**HELEN HANKINS, in her official capacity as Colorado State Director of the Bureau of Land Management; and**
**KENNETH SALAZAR, in his official capacity as Secretary of the Department of the Interior,**

    Defendants.

---

## ORDER STAYING CIVIL ACTION WITH CONDITIONS

Kane, J.

This is an action challenging the federal government's decision to issue a specific land use authorization to the Over the River Corporation (OTR) to install a Christo and Jeanne-Claude art project over portions of the Arkansas River between Cañon City and Salida, Colorado.  Defendants move to dismiss, or, in the alternative, to stay these proceedings on grounds that the specific administrative authorization at issue is subject to revision in third-party proceedings pending before the Department of the Interior Board

of Land Appeals. As such, the agency defendants contend it is "prudentially unripe" for review.

While Plaintiffs acknowledge that any revised permit that comes out of the current third-party proceedings will be a new authorization superseding the old, they assert their right to appeal the current permit is clear under applicable Supreme Court authority. They argue acquiescence in the government's position that it is not ripe for review will permit the BLM to "have its cake and eat it too," namely, a project that can be implemented at any time but cannot be challenged.

I have reviewed the parties' arguments and cited authorities carefully, and find merit in the legal analyses of both. It seems prudent to me, under the circumstances, to allow the administrative process to play out before reaching the merits of the challengers' arguments, given that arguments may shift with what may be a substantively different use permit. As Plaintiffs point out, however, a stay without conditions would prejudice them substantially in that the OTR would theoretically be free to act on the existing permit at any time during the pendency of the Smith appeal because the current permit is not subject to any stay at the administrative level. Because it is my intent to preserve the status quo ante pending resolution of the Smith appeal so that Plaintiffs retain a timely and meaningful right to judicial review, IT IS ORDERED THAT

1. These district court proceedings are STAYED pending further order of the Court; and

2. The STAY shall be on such conditions as will preserve Plaintiffs' right to challenge the current and any revised final agency authorization for the commencement and construction of the Christo art installation project at issue. While OTR is expected to honor the Stay and commence no action on the agency's November 2011 construction authorization until the administrative appeals process has run its course, OTR is not a party to this action and preservation of the status quo is thus up to Defendants to monitor and effectuate. Accordingly, the Stay is GRANTED upon any additional terms or conditions as will provide Plaintiffs with sufficient notice and opportunity to seek relief from this Court to preserve their right to appeal. The parties are therefore DIRECTED to CONFER as to the nature and content of any additional conditions on the current Stay and to move for an amended or modified stay upon conditions as either or both deem necessary to effect the Court's stated intent.

Defendants' Motion to Dismiss or, in the Alternative, for Stay of Proceedings (Doc. 8) is DENIED in part and GRANTED in part, as set forth above.

Dated: July 5, 2012

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE