IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00265-JLK

RAGS OVER THE ARKANSAS RIVER, INC.,

    Petitioner,

v.

THE BUREAU OF LAND MANAGEMENT; KEITH E. BERGER, in this official capacity as Field Manager for the Royal Gorge Field Office of the Bureau of Land Management; LEAH QUESENBERRY, in her official capacity as Acting District Manager for the Front Range District of the Bureau of Land Management;[1] HELEN HANKINS, in her official capacity as Colorado State Director of the Bureau of Land Management; and KENNETH SALAZAR, in his official capacity as Secretary of the Department of the Interior,

    Respondent,

and

OVER THE RIVER CORPORATION

    Respondent-Intervenor.

---

**AMENDED JOINT CASE MANAGEMENT PLAN FOR PETITIONS FOR REVIEW OF AGENCY ACTION IN ENVIRONMENTAL CASE**

---

**1. APPEARANCES OF COUNSEL**

                                  For Petitioner:

                                  Michael Ray Harris
                                  Kevin Lynch

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Quesenberry is substituted for Greg Shoop.

Brandon Pattison, Student Attorney
Chris Stevens, Student Attorney
Domenic Nicotra, Student Attorney
Holly DeJong, Student Attorney
Environmental Law Clinic
University of Denver
Sturm College of Law
2255 E. Evans Ave.
Denver, CO 80208
(303) 871-7870 (telephone)
(303) 871-6847 (facsimile)

For Respondent:

Kristofor R. Swanson
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-0663
(202) 305-0248 (telephone)
(202) 305-0506 (facsimile)
Kristofor.swanson@usdoj.gov (E-Mail)

For Respondent-Intervenor:

John E. Putnam
Lori Potter
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000 (telephone)
jputnam@kaplankirsch.com

## 2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1346, and 5 U.S.C. § 702 because this action involves the United States government as a defendant, and Petitioner's claims arise under the laws of the United States.

3. **DATES OF FILING OF RELEVANT PLEADINGS**

   A. **Date Petition for Review Was Filed:**

   Petitioner, Rags Over the Arkansas River, Inc. ("ROAR") filed a Petition for Review of Agency Action on February 1, 2012.  *See* ECF. No. 1.

   B. **Date Petition for Review Was Served on U.S. Attorney's Office:**

   Service occurred on February 9, 2012.

   C. **Date Answer or Other Response Was Filed:**

   Respondent, Bureau of Land Management ("BLM"), filed a Motion to Dismiss or, in the alternative, to Stay District Court Proceedings on April 24, 2012.  *See* ECF No. 8.  BLM's motion to dismiss was denied on July 5, 2012.  *See* ECF No. 12.

4. **STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

   The parties concur that this case does not raise any unusual claims or defenses.

5. **OTHER MATTERS**

   A. ROAR challenges the Bureau of Land Management's ("BLM") issuance of a land use authorization to Respondent-Intervenor, Over the River Corporation ("OTR").  The parties recognize that the same government action challenged in ROAR's Petition is currently the subject of an administrative review before the Interior Board of Lands Appeals ("Smith Appeal"), which is the basis for the Court's orders staying the District Court proceedings.  *See* ECF Nos. 12, 20.

   B. As a condition of the Stay, the Court has ordered BLM not to issue a Notice to Proceed to OTR, which is required before OTR can begin installation of the project authorized by BLM's permit, for 60 days following a decision by the Interior Board of Land Appeals in the Smith Appeal.  *See* ECF No. 12, 20.  The Court also ordered the parties to confer and prepare a Joint Case Management Plan for this action, which includes a date within 45

    days of the Court's order for BLM to provide its administrative record. ECF No. 20 at 2.

  C. After the Court issued its Amended Stay Order, OTR filed a Motion to Intervene in this action on August 28, 2012. *See* ECF No. 21. The court granted the motion to intervene on September 12, 2012.

  D. If OTR desires to obtain a Notice to Proceed from BLM before final resolution of this action, OTR will provide all parties and the Court notice simultaneously with such a request to the BLM. ROAR reserves its right to move for a preliminary injunction, if necessary and appropriate.

## 6. PROPOSED SCHEDULE

### A. Lifting of the Stay

BLM will provide notice to the Court and all parties of the Interior Board of Land Appeals' decision in the Smith Appeal within 5 days after the final resolution of the pending appeal. The filing of such notice by BLM will have the effect of lifting the current Stay of District Court proceedings. Before such notice, BLM, OTR, and ROAR retain their respective rights to move to lift, or amend, the current Stay on District Court proceedings, at any time.

If the decision of the IBLA is anything other than an affirmance of the BLM's decision, the parties will confer and, within 10 days of BLM's filing of notice, file a status report, separately or jointly, setting forth their views as to the manner in which, or whether, the case should proceed. Should the IBLA affirm the BLM decision, the District Court proceedings will proceed in the manner set forth below.

### B. Deadlines for Filing of the Amended Petition and/or Answer

Any Amended Petition, if necessary, must be filed by ROAR within 14 days after the Stay is lifted in accordance with Paragraph 6(A). BLM and OTR must answer or otherwise respond to the Petition, as amended, within 35 days after the Stay is lifted.

### C. Deadlines for Filing Administrative Record and Motions Disputing the Record:

Pursuant to the Court's Amended Order Staying Case (at 2), as amended on September 27, 2012, BLM filed and produced its Administrative Record, as

-4-

lodged with the Interior Board of Land Appeals for the Smith Appeal on October 12, 2012.  The remaining administrative record deadlines will proceed as follows:

1. BLM will lodge a final administrative record, as results from the Smith Appeal, within 50 days after the Stay is lifted, or 15 days after a response to ROAR's Amended Petition for Review, if an Amended Petition for Review is necessary.

2. The parties will confer, if necessary, regarding any disputes over the completeness of the final administrative record within 15 days after it is lodged;

3. Any motion to supplement the final record, if necessary, must be filed by October 22, 2013; any response to the motion to supplement will be due within 30 days thereafter, and any reply due 10 days after the filing of the response.

### D. Deadlines for Filing of Motions to Dismiss

Should BLM or OTR respond to the Petition, as set out in Paragraph 6(B), with a motion to dismiss, ROAR will have 21 days to file its response; any reply will be due 10 days after service of the response.

### E. Deadlines for Filing of Merit Briefs

ROAR's opening brief must be filed by November 4, 2013, unless a motion to supplement the record is filed.  If a motion to supplement the record is filed, ROAR's opening brief must be filed within 30 days of the resolution of that motion.

BLM's and OTR's responses to the opening brief must be filed within 30 days after ROAR files its opening brief.  ROAR's reply to BLM's and OTR's response must be filed within 15 days after the responses.

## 7. STATEMENTS REGARDING ORAL ARGUMENT

### A. Petitioner's Statement:

ROAR respectfully requests oral argument.  This case raises administrative law issues not previously decided in this District or the Tenth Circuit.

Namely, (1) whether the project is authorized by the applicable federal land use plan for the area, known as the Royal Gorge Resource Management Plan ("Royal Gorge RMP"); and (2) whether the BLM improperly identified the Art Project as a recreational activity where such recreational use is clearly inconsistent with the Royal Gorge RMP. ROAR believes the Court would be benefitted by oral argument of the issues presented.

### B. Respondents' Statement:

BLM takes no position with respect to oral argument, but do not believe that this case presents novel issues.

### C. Respondent-Intervenor's Statement:

OTR also believes that there are no novel or unique issues, but that this is a straightforward Administrative Procedure Act case. Accordingly, OTR takes the position that oral argument is only necessary to the extent that the merits judge determines it would be helpful after reviewing the merits briefing.

## 8. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE

**A. ( )    All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge**

**B. (X)    All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

## 9. OTHER MATTERS

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 5.1G by submitting proof that a copy of the motion has been served upon all attorneys of record and all pro se parties. Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1E. by serving such motion on the **moving attorney's client**.

## 10. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 2nd day of October, 2013.

BY THE COURT:

*s/John L. Kane*

John L. Kane
SENIOR U.S. DISTRICT JUDGE

APPROVED:

UNITED STATES ATTORNEY

__*s/ Michael Ray Harris*__  
Michael Ray Harris
Environmental Law Clinic
University of Denver
Sturm College of Law
2255 E. Evans Ave.
Denver, CO 80208
mharris@law.du.edu
(303) 871-7870

Attorneys for Petitioner
Rags Over the Arkansas River, Inc.

__*s/ Kristofor R. Swanson*__  
Kristofor R. Swanson
U.S. Department of Justice
Environment & Natural Resources Division
kristofor.swanson@usdoj.gov
P.O. Box 7611
Washington, D.C. 2004-0663

Attorney for Respondents
United States Attorney's Office

__*s/ Lori Potter*__  
Lori Potter
John E. Putnam
Kaplan Kirsch & Rockwell LLP
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000 (telephone)
jputnam@kaplankirsch.com

Attorneys for Respondent-Intervenor
Over the River Corporation